UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ENRIQUE DIAZ, | No. 2:19-cv-1241 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| ASSOCIATE WARDEN HURLEY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel. As discussed below, the undersigned holds the prior findings and recommendations in abeyance, while granting plaintiff one final extension of time in which to file a pleading and either pay the court's filing fee or file an application to proceed in forma pauperis. Plaintiff is cautioned that failure to comply with this order will result in the September 25, 2019 findings and recommendations being forwarded to the district court for review and adoption.

I. Background

On July 3, 2019, in Diaz v. Hurley, No. 2:15-cv-2083 KJM KJN P (E.D. Cal.), the court ordered that plaintiff's motion for injunctive relief was more appropriately filed in a new action, and was assigned the instant case number. Id. (ECF No. 64 at 1). However, plaintiff was cautioned that in order to commence an action, he was required to file a complaint, as well as pay the filing fee or seek leave to proceed in forma pauperis. Id. Plaintiff was also cautioned that

1

failure to comply with the order would result in a recommendation that the newly-opened case be dismissed. Id. (ECF No. 64 at 2.) To date, plaintiff has not filed a complaint, paid the court's filing fee, or filed an application to proceed in forma pauperis.

On July 24, 2019, plaintiff was granted 45 days in which to comply with the July 3, 2019 order, and to reply to the July 9, 2019 response filed by special appearance. (ECF No. 6.) On July 25, 2019, plaintiff filed a motion pertinent to the response by special appearance, and on July 30, 2019, he filed an exhibit. (ECF Nos. 7, 8.) Subsequently, he filed a request for extension of time to comply with the July 3, 2019 order, and on August 27, 2019, plaintiff was granted an additional fifteen days in which to comply but was warned that no further extensions of time would be granted. (ECF No. 12.) Fifteen days passed, and plaintiff did not comply with the July 3, 2019 order (ECF No. 2), or otherwise respond to the court's order.[1]

On September 25, 2019, the undersigned recommended that this action be dismissed based on plaintiff's failure to file a complaint or otherwise comply with the July 3, 2019 order.

On that same day, September 25, 2019, plaintiff presented to prison staff for mailing a motion for court-ordered physical access to the law library to comply with this court's deadlines. Plaintiff states that he is on the list as a Preferred Legal User ("PLU"), but cannot physically access the law library due to his work hours. (ECF No. 16 at 1.) Plaintiff first complains that the librarians fail to ensure that all of the current books in the law library are accessible to the inmate population, and claims he and other disabled inmates are being denied typewriter ribbons. As a result, plaintiff complains he has been forced to use his own personal typewriter and supplies. Plaintiff also complains that the physical books and the available computer are outdated, and the librarians refuse to use the Inmate Welfare Fund to update them or provide supplies. Second, plaintiff complains that the law library is only open on Tuesdays, Wednesdays and Saturdays for all inmates including clerk workers. (ECF No. 16 at 2.) Plaintiff claims it is impossible to work and use his PLU status both because the hours are during his work hours and because of "the

---

[1] Although entered on the court's docket after the court's August 27, 2019 order, on August 26, 2019, plaintiff signed his document styled, "Document Evidence per Fed. R. of Evid. 201, b-d . . . In support of Time Extension Motion (15 Days)," in which he asked the court to grant him an additional fifteen days in which to comply with the court's order. (ECF No. 14.)

2

outright DENIALS of updated books, computers, and supplies for inmates whose upper extremity disabilities physically prevent their ability to handwrite." (ECF No. 16 at 2.) Plaintiff states he can no longer handwrite due to carpal tunnel syndrome and stenosyvitis of his right hand and thumb, and "pecks" on the typewriter. (ECF No. 16 at 2.) Plaintiff states he has had multiple surgeries, including two amputations, and is scheduled for another partial amputation of his right foot. But plaintiff does not ask "for sympathy," only a chance to file valid civil rights complaints. (ECF No. 16 at 2.) Plaintiff then asks for wide-ranging relief, including that all physical law books be updated to current editions (to be immediately purchased); all computer books be updated (also purchased immediately); the Brother ML-300 typewriter and supplies be provided to plaintiff, including ribbons, whiteout and paper; no further retaliation against plaintiff, including job reassignments, cell/dorm searches, prison, dorm, wing transfers without the consent of the Office of the Inspector General and the Prison Law Office; Correctional Officer ("C/O") Goforth be reassigned to first watch in Tower 5, and C/O Townsend be denied promotions for one year; that no more "blatantly false" chronos or rules violations be filed against plaintiff; that the court order CMF to "immediately open [the library] on Sundays;" and any other relief the court deems appropriate.

Plaintiff fails to identify any specific civil rights violation or other federal claim that he has been attempting to research or include in any putative complaint.

II. Plaintiff's Request for Order re Law Library Access

Plaintiff's allegations concerning an inability to obtain adequate access to the library are belied by his myriad filings in this action. Indeed, his most recent typewritten motion was three pages single-spaced, and included appropriate citations to pertinent legal authorities. Plaintiff's first 38-page filing in this case contained his 8-page single-spaced motion, with specific and myriad citations to appropriate governing legal authorities, including statutes and cases. (ECF No. 1.) On July 25, 2019, plaintiff's 41-page filing included six pages of single-spaced text. (ECF No. 7.) Plaintiff has also filed multiple declarations and other exhibits in support of his filings.

////

Importantly, this court employs a form civil rights complaint allowing pro se prisoners to simply check appropriate boxes, identify the name of the defendant, and briefly state the facts supporting the claims alleged. Prisoners are not required to cite case law or statutes in their initial pleadings. In addition, plaintiff's motion does not make clear that his access to the library is inadequate in light of his acknowledgment that he has been granted PLU status, but his personal work ethic requires him to work, and it is his work schedule that precludes him from obtaining all the law library access he allegedly needs. Finally, court records reflect that plaintiff has filed multiple complaints in this district before. See Diaz v. Hurley, No. 2:15-cv-2083 GEB KJN P (E.D. Cal. Oct. 30, 2017) (collecting cases).

The court is sympathetic to plaintiff's medical issues, as well as his inability to handwrite. But plaintiff has had over five months to comply with the July 3, 2019 order. In addition, the record reflects that plaintiff has chosen to file other documents to the exclusion of preparing and filing a complaint as required to commence an action. Fed. R. Civ. P. 3. Moreover, plaintiff has wholly failed to address his failure to pay the court's filing fee or submit a request to proceed in forma pauperis affidavit. Such filing has nothing to do with plaintiff's law library access. In addition, plaintiff concedes he has his own personal typewriter and supplies, yet fails to explain why he is unable to use it to prepare the required pleading.

Therefore, the undersigned denies plaintiff's motion without prejudice to renewal once plaintiff has complied with the court's July 3, 2019 order. In an abundance of caution, plaintiff is granted thirty days in which to comply with the July 3, 2019 order which specifically requires plaintiff

> to file a complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; . . . [and to] also submit, within thirty days from the date of this order, the application to proceed in forma pauperis on the form provided by the Clerk of Court, or the filing fee in the amount of $400.00.

(ECF No. 2 at 2.) That said, the September 25, 2019 findings and recommendations are held in abeyance; if plaintiff fails to comply with this order, the findings and recommendations will be forwarded to the district court for review and adoption.

4

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion (ECF No. 16) is denied without prejudice;

2. Plaintiff is granted thirty days in which to file a complaint and to also submit the application to proceed in forma pauperis on the form provided by the Clerk of Court, or the filing fee in the amount of $400.00;

3. The September 25, 2019 findings and recommendations are held in abeyance; and

4. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner, as well as a request to proceed in forma pauperis by a prisoner.

Dated: January 10, 2020

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

diaz1241.ext.fin