UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ENRIQUE DIAZ,<br><br>Plaintiff,<br><br>v.<br><br>ASSOCIATE WARDEN HURLEY, et al.,<br><br>Defendants. | No. 2:19-cv-1241 KJM KJN P<br><br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

  Plaintiff is a state prisoner, proceeding pro se. On July 3, 2019, this action was opened pursuant to the undersigned's finding that plaintiff's motion for temporary restraining order and for preliminary injunction was more appropriately filed in a new action. (ECF No. 2.) Plaintiff has been granted multiple extensions of time in which to file a complaint, which is required to commence a civil rights action. Fed. R. Civ. P. 3. Plaintiff's last deadline expired on February 10, 2020, and no complaint has been filed.[1] As discussed below, the undersigned recommends that plaintiff's motions for preliminary injunctive relief and for contempt be denied without prejudice.

---

[1] On February 18, 2020, the court received plaintiff's declaration that he would be submitting his complaint and request to proceed in forma pauperis to prison officials for mailing to the court on February 21, 2020. (ECF No. 18.) Plaintiff's complaint, if filed, will be addressed by separate order.

1

II. Plaintiff's Motions

Plaintiff, who is prescribed psychotropic medications, alleges that since May of 2019, and specifically on June 12, 2019, he has been denied ice on days where the temperature exceeds 90 degrees, as required under Coleman v. Newsom, No. 2:90-cv-0520 KJM DB (E.D. Cal.), in retaliation for plaintiff's litigation activity. (ECF No. 1.) The undersigned sought a response from the Office of the Attorney General, and Deputy Attorney General Mark responded by special appearance. Counsel explained how California Medical Facility ("CMF") implements its Institutional Heat Plan and stated that plaintiff is only entitled to "cooling measures," such as ice, if Stage II is implemented. (ECF No. 4.) However, because Stage II was not implemented at CMF in either May or June of 2019 because the temperature *inside* the facility had not exceeded 90 degrees, counsel stated that plaintiff was not entitled to receive ice. The response was supported by litigation coordinator's declaration. (ECF No. 4-1.)

Plaintiff countered by filing a motion for contempt against counsel Grant and litigation coordinator B. Ebert, claiming such individuals committed or suborned perjury. (ECF No. 7.)

A. Governing Standards

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing. The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. See Beaty v. Brewer, 649 F.3d 1071, 1076 (9th Cir. 2011) (affirming district court's denial of the motion for a temporary restraining order or preliminary injunction by discussing either as under the same standard for issuing preliminary injunctive relief); see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical"). "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter, 555 U.S. at 24 (citation omitted).

The moving party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008). The Ninth Circuit has held that injunctive relief may issue, even if the moving party cannot show a likelihood of success on the merits, if "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation omitted). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. See Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) ("'[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits.'" (quoting Martin v. Int'l Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984))).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Further, requests for prospective relief are limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ("PLRA"), which requires that the court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." Finally, the pendency of an action does not give the court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491-93 (2009). The court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491-93.

B. <u>Discussion</u>

Here, plaintiff has had over seven months in which to file a complaint. Despite repeated extensions of time, and warning that no further extensions of time would be granted (ECF No. 12), plaintiff has not yet filed a complaint. Because no operative complaint is on file, plaintiff cannot demonstrate a likelihood of success on the merits of any claim, and his motion must be denied. <u>See</u>, e.g., <u>Silvas v. G.E. Money Bank</u>, 449 F. App'x 641, 645 (9th Cir. 2011) ("Because the operative complaint has been dismissed, we dismiss this interlocutory appeal [for preliminary injunctive relief] as moot.").

In addition, none of the individuals named by plaintiff in his motion have been served or appeared in this action. Until defendants have been served with process, this court lacks personal jurisdiction over the defendants, and may not grant the injunctive relief he seeks. <u>See</u> Fed. R. Civ. P. 65(d)(2); see <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend.").

Plaintiff's subsequent motion for contempt fails for the same reason. "[A] nonparty with notice cannot be held in contempt until shown to be in concert or participation." <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100, 112 (1969). Deputy Attorney General Grant and litigation coordinator Ebert are not named or implicated in plaintiff's motion for injunctive relief.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 1) be denied without prejudice, and his motion for contempt (ECF No. 7) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that
////

4

failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 21, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/diaz1241.tropi