UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ENRIQUE DIAZ, | No. 2:19-cv-1241 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| ASSOCIATE WARDEN HURLEY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se. By order filed June 11, 2020, plaintiff's complaint was dismissed, and plaintiff was granted thirty days in which to file an amended complaint. On July 9, 2020, plaintiff was granted an additional 45 days in which to amend. On July 14, 2020, plaintiff filed a motion for investigation, and on July 17, 2020, plaintiff filed a motion for relief from alleged retaliation. (ECF Nos. 32, 33.)

First, plaintiff is advised that this court does not investigate claims for litigants. If plaintiff believes his rights under Coleman are being violated, he must bring such allegations to the attention of counsel for the plaintiff class in Coleman.

Second, in his motion concerning retaliation, plaintiff claims that he was put in quarantine on July 9, 2020, allegedly in retaliation for his attendance at law library. Plaintiff states he will be in quarantine until July 24, 2020, three days after his deadline to file his amended pleading in this action. Plaintiff's filing provides sufficient grounds to support a second extension of time to file

1

his pleading;[1] no additional relief is required at this time.  Plaintiff adds that "the timing of his quarantine will have exhausted his court deadlines" both here and in his Solano County Superior Court case.  (ECF No. 33 at 2.)  While it is unclear what plaintiff means by that statement, this court has no jurisdiction over state court actions.  Plaintiff is still required to file an amended pleading in this action if he wishes to pursue relief under 42 U.S.C. § 1983.

Third, plaintiff claims that there are "no administrative remedies available to [him] at CMF."  (ECF No. 33 at 4.)  Yet, he appends a copy of his typewritten inmate grievance.  (ECF No. 33 at 7-8.)  Moreover, in the court's last screening order, plaintiff was reminded of his obligation to first exhaust administrative remedies as to any claim he raises in federal court.  (ECF No. 27 at 9-12.)  In other words, exhaustion of available administrative remedies is mandatory.  (Id.)

Fourth, plaintiff's filings include unrelated allegations concerning his current conditions of confinement.  But as plaintiff was previously advised, until an operative complaint is on file, plaintiff cannot demonstrate a likelihood of success on the merits of any claim.  See, e.g., Silvas v. G.E. Money Bank, 449 F. App'x 641, 645 (9th Cir. 2011) ("Because the operative complaint has been dismissed, we dismiss this interlocutory appeal as moot.").  Plaintiff's prior complaint was dismissed because it was a "shotgun" or "kitchen-sink" complaint that set forth multiple unrelated claims against myriad defendants.  (ECF No. 27 at 4-5.)  Furthermore, this action has suffered numerous delays; it was opened on July 1, 2019, with the filing of plaintiff's motion for injunctive relief.  Despite multiple court orders, plaintiff did not file his first complaint until February 26, 2020.  While the court is not unsympathetic to plaintiff's current situation, rather than filing futile motions concerning his current conditions of confinement, plaintiff should focus on drafting his operative amended complaint so that the court can address the merits of his

////

---

[1] Under the July 9, 2020 order, plaintiff was granted 45 days to file his amended complaint, which would have been due August 24, 2020.  Thus, plaintiff's claim that his amended complaint was due shortly after his release from quarantine on July 23, 2020, was not an accurate calculation of his deadline.  However, given the current issues with the COVID-19 pandemic, and plaintiff's inability to attend the law library, the court grants plaintiff additional time.

underlying substantive claims.  In addition, putative defendants are entitled to timely notice of plaintiff's claims.  <u>See</u> Fed. R. Civ. P. 4(m).

Finally, plaintiff is cautioned that the court is not inclined to grant additional time for plaintiff to file his amended complaint absent a showing of substantial cause, and reminded that failure to timely file an amended complaint may result in the dismissal of this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is granted thirty days from the date of this order in which to file an amended complaint that complies with the June 11, 2020 order; and

2. Plaintiff's motions (ECF Nos. 32, 33) are denied without prejudice.

Dated:  August 27, 2020

/diaz1241.den

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3