UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ENRIQUE DIAZ, | No. 2:19-cv-1241 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| ASSOCIATE WARDEN HURLEY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel. This action was opened on July 1, 2019, despite plaintiff's failure to submit a civil rights complaint. Plaintiff filed a civil rights complaint on February 21, 2020. Following resolution of his failure to also pay the filing fee or submit an application to proceed in forma pauperis, plaintiff's complaint was dismissed on June 11, 2020, and he was granted thirty days in which to file an amended complaint. Subsequently, plaintiff was granted four extensions of time to comply. Plaintiff has now filed his fifth request for an extension of time to file an amended complaint. Despite plaintiff's complaints concerning repeated quarantines in the last twelve weeks,[1] plaintiff fails to explain why he has been unable to

---

[1] There is no operative pleading on file, therefore the court is unable to address plaintiff's concerns that his unit is being unfairly quarantined when other units are not. Moreover, any claims concerning such alleged retaliation or impeded access to the courts must first be exhausted through the prison administrative grievance process, and could not have been exhausted prior to the filing of the instant action on July 1, 2019. Booth v. Churner, 532 U.S. 731, 736, 741 (2001) (Regardless of the relief sought, a prisoner must exhaust administrative remedies before filing in

prepare an amended complaint, using the court's form, despite having access to paging services when physical access to the law library is unavailable.  The screening order provided plaintiff with the court's screening standards as well as pinpoint standards for putative claims raised in his original complaint.  (ECF No. 27.)  Although plaintiff complains that paging takes 5 to 10 days, plaintiff has had over five months to draft his amended complaint.

      Importantly, Rule 8(a) of the Federal Rules of Civil Procedure articulates that the complaint must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).  Indeed, the federal rules provide an official Appendix of Forms "intended to indicate the simplicity and brevity of statement which the rules contemplate."  McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (citing Fed. R. Civ. P. 84.)[2]  The court (and defendant) should be able to read and understand plaintiff's pleading within minutes.  McHenry, 84 F.3d at 1177.  This court's civil rights form incorporates this simplicity and brevity, providing boxes for prisoners to mark the appropriate cause of action.  Use of this form enables plaintiff to handwrite a copy of his proposed amended complaint should he be unable to obtain ready access to photocopy services to retain a copy of his original amended complaint for his own records.  Plaintiff is not required to provide evidence or exhibits or cite legal authorities in his proposed

---

federal court.); Ross v. Blake, 136 S. Ct. 1850, 1859 (2016).

[2] Indeed, the standard negligence complaint contains only three short paragraphs: "1. Allegation of jurisdiction. [¶] 2. On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway. [¶] 3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars. [¶] Wherefore plaintiff demands judgment against defendant in the sum of _____ dollars and costs."  McHenry, 84 F.3d at 1177, citing Fed. R. Civ. P. Form 9.

amended complaint; rather, he must simply state the facts upon which his putative claims are based.  In addition, plaintiff is not required to address the issue of exhaustion of administrative remedies in his proposed amended complaint, and was ordered not to include any arguments concerning administrative exhaustion.  (ECF No. 27 at 14.)

In an abundance of caution, plaintiff is granted one <u>final</u> extension of time to file an amended complaint that complies with the June 11, 2020 order.  Plaintiff must use the court's civil rights complaint form.  (ECF No. 27 at 14.)  Plaintiff is relieved of the obligation to submit a copy of the amended complaint with his original amended complaint.  (ECF No. 27 at 15.)

No further extensions of time will be granted.  If plaintiff does not file a timely amended complaint, the undersigned will recommend that this action be dismissed based on plaintiff's repeated failure to comply with court orders.  Local Rule 110; Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 41) is granted.

2. Plaintiff is granted thirty days from the date of this order in which to file an original amended complaint that complies with the June 11, 2020 order.  No further extensions of time will be granted.

3. Plaintiff is relieved of the obligation to provide a copy of his proposed amended complaint to the court (ECF No. 27 at 15).

4. The Clerk of the Court shall send plaintiff two forms for filing a civil rights complaint by a prisoner.

Dated:  November 30, 2020

/diaz1241.36sec(3)

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3