UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ENRIQUE DIAZ,<br><br>Plaintiff,<br><br>v.<br><br>ASSOCIATE WARDEN HURLEY, et al.,<br><br>Defendants. | No. 2:19-cv-1241 KJM KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding in forma pauperis and without counsel. On January 29, 2021, the undersigned granted plaintiff's request for extension of time to file an amended complaint. On March 3, 2021, under the mailbox rule, plaintiff filed his first amended complaint.[1] As discussed below, plaintiff's amended complaint is dismissed with leave to amend.

Background

On July 3, 2019, plaintiff was informed that to commence an action, plaintiff must file a complaint, Diaz v. Hurley, No. 2:15-cv-2083 KJM KJN P (E.D. Cal), citing Fed. R. Civ. P. 3, but

---

[1] Plaintiff filed a three page first amended complaint on March 8, 2021, and another three page amended complaint on March 11, 2021. (ECF Nos. 49, 50.) The only difference appears to be the date on which plaintiff signed the pleadings: the first was signed on March 3, the second was signed on March 7, 2021. Because plaintiff was required to file his amended complaint on or before March 5, 2021, and the pleadings appear to be the same, the court considers the first-filed pleading (ECF No. 49) as the operative amended complaint because it was timely submitted to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities). The Clerk is directed to strike the second amended pleading (ECF No. 50) as duplicative.

his motion for injunctive relief based on an alleged deprivation of cooling measures to address the risk of heat plaintiff faced while taking psychiatric medications in May and June of 2019 at California Medical Facility ("CMF") was assigned the instant case number on July 1, 2019.[2] Plaintiff did not file a complaint until February 26, 2020. Following resolution of issues related to plaintiff's request to proceed in forma pauperis, plaintiff's complaint was dismissed with leave to amend on June 11, 2020. Multiple requests for extension followed.

On November 30, 2020, the undersigned observed that plaintiff had over five months in which to file an amended complaint, but plaintiff was granted another thirty days to amend, and advised that no further extensions of time would be granted. (ECF No 42.) Plaintiff did not timely file an amended complaint, and on January 22, 2021, the undersigned recommended that this action be dismissed.

Despite the court's prior orders and stern warnings, on January 14, 2021, plaintiff signed his sixth request for extension of time to file an amended complaint. (ECF No. 42.) In light of plaintiff's health issues, the court reluctantly granted plaintiff a sixty-day extension of time in which to file his amended complaint. The findings and recommendations are vacated, and the court now screens plaintiff's amended pleading.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

---

[2] Plaintiff's initial motion for injunctive relief was denied on March 23, 2020. (ECF No. 23.)

490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Civil Rights Act

To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). In sum, plaintiff must identify the particular person or persons who violated his rights, and set forth specific factual allegations as to how such person violated plaintiff's rights.

Prior Screening Admonitions

In the initial screening order, plaintiff was provided the standards governing his putative claims, including retaliation, Eighth Amendment, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and plaintiff was cautioned that he is not allowed to include

3

unrelated claims against various defendants.[3] (ECF No. 27 at 5.) In the August 28, 2020 order, plaintiff was reminded that he is not permitted to raise unrelated claims against myriad defendants. (ECF No. 35 at 2.)

Plaintiff's Amended Complaint

In his amended complaint, plaintiff alleges the following facts. (ECF No. 49.) Plaintiff was housed at CMF at all relevant times. On June 5, 2019, plaintiff filed an appeal under the ADA against defendant Goforth, when plaintiff was denied physical access to the law library despite having PLU status. (ECF No. 49 at 2.) On June 9, 2019, defendant Jones allegedly refused to reasonably accommodate plaintiff by providing him ice, yet other inmates who were not on heat/psych meds were given ice. On June 15, 2019, defendant Jones refused to report 90+ degrees in the law library as required, in order to prevent having a heat stage 2 which would have required her to provide plaintiff with ice. (Id.)

On or about May of 2019, retaliation allegedly began again. Because plaintiff refused to release Correctional Officer Townsend from plaintiff's state lawsuit, defendants Goforth and M. Jones refused to "abide by the 8th Amendment's prohibition against deliberate indifference towards [plaintiff's] serious and urgent medical/psych needs to an ADA (Coleman) required 'reasonable accommodation' for ice everyone was receiving at work," and "by denying plaintiff physical access to the law library, work assignment, pay, etc., that was not denied to nonmentally disabled inmates on hot/psych medications." (Id.) Plaintiff was denied ice again on July 2, 2019, and July 5, 2019, allegedly solely to punish plaintiff. (Id.) Plaintiff seeks money damages, and unspecified injunctive and declaratory relief. (ECF No. 49 at 1.)

---

[3] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.

4

In the parties' section of his pleading, plaintiff states the following. By institutional and legal mail, plaintiff asked defendant Warden Lozano, then at CMF, to "take reasonable measures to protect [plaintiff] from retaliation and discrimination" by Lozano's subordinates, which violated the First, Eighth and Fourteenth Amendments, and "the ADA's requirement for 'reasonable accommodations' due to 'Coleman Remedial Plan,' . . . [including] HEAT Plan #49." (ECF No. 49 at 1.) Defendant Associate Warden Garry refused to provide plaintiff any reasonable accommodations under the ADA, and refused to protect plaintiff from retaliation, all in violation of the First, Eighth, and Fourteenth Amendments and the ADA. (Id.) Defendant Lt. Youngblood advised defendant Correctional Officer Goforth "NOT to provide any 'reasonable accommodations' and 'let him sue you, it'll be awhile before anything happens.'" (Id.)

Defendants Does 1 - 10, Custody Lieutenants, Sergeants, and Watch Commanders are sued for their "failures to act reasonably to protect [plaintiff] from their subordinates, EVEN after filing of multiple administrative remedies." (Id.)

Defendants Correctional Officers Goforth, M. Jones (female), and McDonough are employed at CMF. Defendant Associate Warden Medina was the ADA coordinator during most of the incidents alleged herein and was responsible for ADA compliance and granting reasonable accommodations, including all consent/remedial plans, to the plaintiff. (ECF No. 49 at 2.)

Discussion

The court reviewed plaintiff's amended complaint and, for the limited purposes of § 1915A screening, and liberally construing plaintiff's allegations, finds that plaintiff states potentially cognizable First and Eighth Amendment claims against defendants Jones and Goforth for the alleged refusal to provide ice and access to the law library in retaliation for plaintiff refusing to stop pursuing his lawsuit against Lt. Townsend in plaintiff's state court action. See 28 U.S.C. § 1915A.

For the reasons stated below, the court finds that the amended complaint does not state a cognizable claim against the remaining defendants. The claims against the remaining defendants are dismissed with leave to amend.

////

Plaintiff's allegations as to defendants Warden Lozano and Associate Warden Garry are insufficient to demonstrate their personal involvement rather than liability based solely on their supervisorial roles. As noted above, plaintiff cannot state a cognizable civil rights claim based solely on a theory of respondeat superior. While plaintiff states he informed defendant Lozano by mail, plaintiff fails to provide sufficient facts to determine when such notice took place, and thus the court cannot determine whether the warden was in a position to take steps to remedy the specific violation plaintiff addressed.

As to defendant Lt. Youngblood, plaintiff's factual allegations are insufficiently developed to demonstrate Youngblood's involvement in a particular constitutional violation. Ashcroft, 556 U.S. at 678.

Plaintiff repeatedly refers to the ADA and "reasonable accommodations," yet fails to specifically identify such accommodations, particularly in connection with a named defendant. Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability. 42 U.S.C. § 12132 (1994); Weinrich v. L.A. County Metro Transp. Auth., 114 F.3d 976, 978 (9th Cir.1997). In other words, the ADA is designed to challenge the denial of a benefit or service accorded similarly situated individuals -- i.e., discrimination -- "by reason of" the plaintiff's disability. To state a claim under Title II, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits by the public entity; and (4) such exclusion, denial of benefits or discrimination was by reason of the plaintiff's disability. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010); McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004); Weinrich, 114 F.3d at 978. Here, plaintiff fails to state a cognizable ADA claim because he fails to allege facts meeting all of the required elements. Specifically, he does not allege that he was denied reasonable accommodations because of his alleged disability.

Plaintiff's reference to the Doe defendants, custody lieutenants and sergeants and watch commanders insufficiently identifies such individuals' roles in any constitutional violation and

lacks any factual specificity whatsoever. (ECF No. 49 at 1.) Plaintiff claims they failed to act reasonably to protect plaintiff from their subordinates after plaintiff filed multiple administrative appeals. Such conclusory statement is insufficient. Ashcroft, 556 U.S. at 678. Moreover, it does not appear that such claims are in any way related to plaintiff's claims against defendants Jones and Goforth. Accordingly, plaintiff should not renew such claims in any second amended complaint.

Moreover, plaintiff cannot state a due process claim based on a defendant's role in the inmate appeal process. The Due Process Clause protects plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). However, plaintiff has no stand-alone due process rights related to the administrative grievance process itself. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). A prison official's denial of a grievance does not itself violate the constitution. Evans v. Skolnik, 637 F. App'x 285, 288 (9th Cir. 2015). Thus, the denial, rejection, or cancellation of a grievance does not constitute a due process violation. See, e.g., Wright v. Shannon, 2010 WL 445203, at *5 (E.D. Cal. 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Williams v. Cate, 2009 WL 3789597, at *6 (E.D. Cal. 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims."). "Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process prison grievances." Daniels v. Aguillera, 2018 WL 1763311 (E.D. Cal. Apr. 12, 2018).

Plaintiff names a correctional officer "McDonough" as a defendant, but includes no charging allegations as to McDonough. (ECF No. 49 at 2.)

Finally, plaintiff claims that defendant Associate Warden Medina was the ADA coordinator, "legally and professionally responsible for the compliance with all ADA related rights and granting of all 'reasonable accommodations' to the plaintiff." (ECF No. 49 at 2.) Such vague and conclusory allegation is insufficient to demonstrate any violation of plaintiff's constitutional rights. Moreover, as the ADA coordinator, it appears unlikely Medina was

7

involved in the actions or omissions of defendants Jones and Goforth. Plaintiff is cautioned that absent such personal involvement in the same transaction, occurrence, or series of transactions and occurrences as defendants Jones and Goforth, and any question of law or fact common to defendants Jones and Goforth, plaintiff should refrain from including Medina in any second amended complaint. Fed. R. Civ. P. 20(a)(2).

Plaintiff's Options

Plaintiff now has two options. He may proceed forthwith to serve defendants Jones and Goforth and pursue his claims against only those defendants or he may delay serving any defendant and attempt again to state a cognizable claim against those defendants whose alleged violations arise from the same transaction, occurrence, or series of transactions and occurrences and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Within thirty days from the date of this order, plaintiff shall return the appended Notice of Election Form advising the court of his decision. If plaintiff elects to attempt to amend his complaint again to state a cognizable claim against the remaining defendants, he has thirty days in which to do so. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants Jones and Goforth, against whom he stated a potentially cognizable claim for relief, then within thirty days he must note such election on the appended form. Upon receipt of such form, the court will direct the U.S. Marshal to serve process on defendants Jones and Goforth. In this event the court will construe plaintiff's election as consent to dismissal of all claims against the remaining defendants, Lozano, Garry, Youngblood, McDonough, and Medina.

Any second amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the

////

deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In any second amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 566 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id.

Any second amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading is superseded.

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. The January 22, 2021 findings and recommendations (ECF No. 46) are vacated.

2. The Clerk of the Court is directed to strike plaintiff's second amended pleading (ECF No. 50) as duplicative.

3. The allegations in the pleading are sufficient at least to state potentially cognizable First and Eighth Amendment claims against defendants Jones and Goforth. Claims against the remaining defendants, Lozano, Garry, Youngblood, McDonough, and Medina, are dismissed with leave to amend.

4. Within thirty days of service of this order plaintiff shall return the attached Notice of Election and advise the court which option he chooses.

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: May 21, 2021

/diaz1241.scr.ac

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL DIAZ,<br><br>        Plaintiff,<br><br>   v.<br><br>HURLEY, et al.,<br><br>        Defendants. | No. 2:19-cv-1241 KJM KJN P<br><br>NOTICE OF ELECTION |

    Plaintiff submits the following documents in compliance with the court's order filed _____.

_____ Plaintiff opts to proceed solely as to his First and Eighth Amendment claims against defendants Jones and Goforth.

_____ Plaintiff consents to the dismissal of the remaining defendants, Lozano, Garry, Youngblood, McDonough, and Medina, without prejudice.

OR

_____ Plaintiff opts to file a second amended complaint and delay service of process. If plaintiff selects this option, he is reminded that any individual named as a defendant must have been involved in the same transaction, occurrence, or series of transactions and occurrences and any question of law or fact common to defendants Jones and Goforth. Fed. R. Civ. P. 20(a)(2).

DATED:

                                                           _____
                                                                   Plaintiff