8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 MIGUEL ENRIQUE DIAZ,                           No. 2:19-cv-1241 KJM KJN P

12              Plaintiff,

13      v.                                        FINDINGS AND RECOMMENDATIONS

14 ASSOCIATE WARDEN HURLEY, et al.,

15              Defendants.

16

17          Plaintiff is a state prisoner, proceeding without counsel. On March 22, 2021, plaintiff

18 filed a motion for injunctive relief, which is fully briefed. As discussed below, the undersigned

19 recommends that plaintiff's motion be denied.

20 I. Background

21          On July 3, 2019, plaintiff was informed that in order to commence an action, plaintiff was

22 required to file a complaint, Diaz v. Hurley, No. 2:15-cv-2083 KJM KJN P (E.D. Cal), citing Fed.

23 R. Civ. P. 3, but plaintiff's motion for injunctive relief based on an alleged deprivation of cooling

24 measures to address the risk of heat plaintiff faced while taking psychiatric medications in May

25 and June of 2019 at California Medical Facility ("CMF") was assigned the instant case number on

26 July 1, 2019. Plaintiff filed a complaint on February 26, 2020, which was dismissed with leave to

27 amend on June 11, 2020. Following multiple extensions of time, plaintiff filed an amended

28 complaint on March 8, 2021.

On March 22, 2021, plaintiff filed a motion for injunctive relief. On March 23, 2021, the undersigned requested that the Office of the Attorney General file a response to plaintiff's motion for injunctive relief. (ECF No. 52.) On April 6, 2021, a response by special appearance was filed. (ECF No. 54.) Plaintiff filed a reply on April 19, 2021. (ECF No 57.)[1]

II. Plaintiff's Amended Complaint

Plaintiff is a mentally disabled inmate who takes medications that put him at risk if exposed to elevated temperatures. (See, e.g., ECF No. 1.) By separate order, plaintiff was granted leave to proceed on his claims that on several occasions defendants Jones and Goforth denied him ice when the temperature exceeded 90 degrees in retaliation for plaintiff's refusal to abandon litigation in state court against Lt. Townsend, and in violation of the Eighth Amendment. Plaintiff was granted the option of proceeding on such claims, or filing a second amended complaint in an attempt to raise related claims against additional defendants.

III. Plaintiff's Motion for Injunctive Relief

Plaintiff states that he is an insulin-dependent diabetic who previously suffered amputations, as well as multiple medical emergencies due to low blood sugar levels. Plaintiff alleges, *inter alia*, that Correctional Officer Sawyer took all of plaintiff's food, as well as his legal materials, property, and other items, from his cell. Plaintiff repeatedly asked Correctional Officers Sawyer and Campbell to return plaintiff's food, informing them that plaintiff could "die due to a diabetic coma," if his food was not returned. (ECF No. 51 at 2.) Despite his repeated requests, plaintiff's food has not been returned.

A. Governing Standards

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the

---

[1] On March 29, 2021, plaintiff signed a memorandum in support, filed April 12, 2021, after the response by special appearance was filed, but before plaintiff received such response. On May 13, 2021, plaintiff filed a declaration in support of his motion, after plaintiff filed his reply. Local Rule 230(l) contemplates the filing of a motion, an opposition, and a reply. Id. Plaintiff did not seek court authorization to file such additional briefing, and the undersigned declines to address such unauthorized briefing. However, the undersigned reviewed such unauthorized filings and determined that they would not impact the recommendations herein. (ECF Nos. 55, 58.)

movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing. The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

The moving party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008). The Ninth Circuit has held that injunctive relief may issue, even if the moving party cannot show a likelihood of success on the merits, if "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation omitted). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. See Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) ("'[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits.'" (quoting Martin v. Int'l Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984))). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988). "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter, 555 U.S. at 24 (citation omitted).

Further, requests for prospective relief are limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ("PLRA"), which requires that the court find the "relief [sought] is

narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." Finally, the pendency of an action does not give the court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491-93 (2009). The court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491-93. An injunction against individuals who are not parties to the action is strongly disfavored. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).

      B. Third Party Declarations

      Two declarations were provided in support of the special response.

      1. N. Ikegbu, M.D., a physician and surgeon who reviewed plaintiff's medical records and treated plaintiff in the past, declares that he reviewed plaintiff's medical records and confirmed that plaintiff's diabetes is monitored with daily blood glucose testing and quarterly HgA1C blood testing. Plaintiff's March daily blood glucose testing reflected no low blood sugar episodes; his results were all above 60. (ECF No. 54-2 at 1.) Plaintiff receives twice-daily insulin injections, and 1 gram of metformin twice daily, and is provided 8-gram glucose tabs which he can chew as needed to address symptoms of low blood sugar. (ECF No. 54-2 at 2.) Plaintiff receives three meals per day as well as diabetic snacks (such as peanut butter, fruit juices or sauces) upon request. Plaintiff's treatment plan also includes regular physical activity and exercise. Dr. Ikegbu opines that the removal of the canteen food poses no risk to plaintiff developing low blood sugar or other complications from diabetes based on his current medical treatment regimen, including insulin, and the provision of three meals a day and diabetic snacks upon request. Dr. Ikegbu further opines that plaintiff's greatest risk is his failure to comply with the recommended treatment regimen. Dr. Ikegbu declares that plaintiff "has refused treatments for his amputation wounds and medication, as well as blood glucose testing," which "can only increase the chances of experiencing additional complications." (ECF No. 54-2 at 3.)

      2. Correctional Captain C. Weaver declared that during a cell search, Officer Kinross discovered, under plaintiff's bunk, a manila envelope containing a compact cassette recorder bearing a metal tag stating "CALIF. STATE PRISON SOLANO COUNTY 2374." (ECF No. 54-

4

1 at 1.)  Officer Kinross issued plaintiff a rules violation report for theft of state property.  (ECF
No. 54-1 at 1-2.)  On March 15, 2021, a disciplinary hearing on the rules violation report was
held, and plaintiff was found guilty and assessed a loss of privileges, including food purchased at
the CMF canteen, under California Code of Regulations, title 15, section 3314(e).  (ECF No. 54-1
at 2.)  Captain Weaver confirmed there are no medical orders or chronos allowing him to have
canteen food, but diabetic snacks are available to plaintiff upon request.  (Id.)

C.  Discussion

Initially, the undersigned evaluates whether plaintiff will likely suffer irreparable harm
from the confiscation of his canteen food.  Plaintiff disputes the claim by Dr. Ikegbu and Captain
Weaver that diabetic snacks are available upon request.  Rather, plaintiff first states that you must
have doctor's orders to get such snacks (ECF No. 57 at 2:19-20), but then states that "EVEN the
doctors cannot provide diabetic snacks for me!! ONLY the dieticians can approve a diabetic diet
and diabetic snacks!!" (ECF No. 57 at 2:22-23).  However, whether or not orders by a doctor or a
dietician are required, the "Approved Nourishments and Supplements With Indications" form
provided by plaintiff confirms that such supplements are "distributed by nursing."  (ECF No. 57
at 6.)  Such reference suggests that in order for a prisoner to obtain the supplement, he must
request the supplement from nursing.  In any event, plaintiff fails to state whether or not he has an
order from a doctor or a dietician for such snacks.

Plaintiff also disputes Dr. Ikegbu's claim that plaintiff receives insulin twice a day.  (ECF
No. 57 at 2.)  Rather, plaintiff asserts he receives insulin four times a day, not two.  (Id.)
Nevertheless, plaintiff is receiving insulin for his diabetes.  In addition, plaintiff receives 1 gram
of metformin twice daily, and is provided 8-gram glucose tabs which he can chew as needed to
address symptoms of low blood sugar.  (ECF No. 54-2 at 2.)  Plaintiff does not dispute receipt of
those items.  (ECF No. 57, *passim*.)

Importantly, Dr. Ikegbu confirms that plaintiff's diabetes is monitored with daily blood
glucose testing and quarterly HgA1C blood testing, and plaintiff has not suffered any low blood
sugar results since the canteen food was confiscated.  (ECF No. 54-2 at 1.)  Indeed, plaintiff's
March daily blood glucose tests were all above 60.  (ECF No. 54-2 at 1.)  Plaintiff does not

1  dispute such testing or the results of such testing.  (ECF No. 57, *passim*.)  Dr. Ikegbu opines that

2  the removal of the canteen food poses no risk to plaintiff developing low blood sugar or other

3  complications from diabetes.  (ECF No. 54-2 at 2.)  Thus, the undersigned finds that plaintiff has

4  not demonstrated he is likely to suffer irreparable harm from the confiscation of the canteen food

5  from his cell. [2]

6      Finally, plaintiff's motion for injunctive relief challenges the March 12, 2021 actions of

7  custodial staff in searching plaintiff's cell and confiscating canteen food and other property.  Such

8  confiscation is not being litigated in this action.

9      A "court's equitable power lies only over the merits of the case or controversy before it.

10  When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does

11  not have the authority to issue an injunction."  Pacific Radiation Oncology v. Queen's Medical

12  Center, 810 F.3d 631, 633 (2015).  Significantly, "a party moving for a preliminary injunction

13  must necessarily establish a relationship between the injury claimed in the party's motion and the

14  conduct asserted in the complaint."  De Beers Consol. Mines Ltd. v. United States, 325 U.S. 212,

15  220 (1945); Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994).  Where a preliminary

16  injunction complains of a set of facts distinct from those in the complaint or petition, a

17  preliminary injunction is inappropriate.  LeBoeuf, Lamb, Greene & MacRae, LLP. v. Abraham,

18  180 F.Supp.2d 65, 69-70 (D.D.C. 2001) (motion for preliminary injunctive relief is denied where

19  the complaint involves facts, legal issues, and parties different from those presented in the

20  motion).

21      Here, plaintiff's motion for injunctive relief is unrelated to his underlying claims that

22  defendants Jones and Goforth retaliated against plaintiff or violated his Eighth Amendment rights.

23  _____

24  [2]  Plaintiff also includes arguments that he was denied due process during the hearing on the rules
violation report, and that certain prison officials are threatening to remove plaintiff from his
library clerk position.  However, those claims were not included in the instant motion.

25      In addition, plaintiff now claims, *inter alia*, that he is denied his 2000k "styro" diabetic diet he

26  was receiving for six weeks.  (ECF No. 57 at 4.)  "However, a party may not raise new legal
issues for the first time in its reply brief."  Ruiz v. Fernandez, 949 F. Supp. 2d 1055, 1063 (E.D.

27  Wash. 2013), citing see, e.g., Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999) ("as an
argument raised for the first time in a reply brief, it is not an argument that we may consider

28  here.").

As such, plaintiff's claim for injunctive relief will not be given a hearing on the merits of such claim at trial. In addition, none of the individuals identified as participating in the cell search where plaintiff's canteen food was confiscated are named as defendants in this action.[3] Hazeltine, 396 U.S. at 100. Therefore, injunctive relief is not appropriate.

For all of the above reasons, plaintiff's motion should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 51) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 21, 2021

_Kendall J. Newman_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/diaz1241.pi2

---

[3] In his reply, plaintiff notes that the rules violation report was approved by Associate Warden Hurley, "the lead defendant in this instant civil rights action." (ECF No. 57 at 3.) Although plaintiff named Hurley as a defendant in the original complaint, Hurley was not named as a defendant in plaintiff's amended complaint. (ECF No. 49.) Nevertheless, the rules violation report issued after the confiscation is not at issue in plaintiff's motion for injunctive relief.