UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ENRIQUE DIAZ,<br><br>Plaintiff,<br><br>v.<br><br>ASSOCIATE WARDEN HURLEY, et al.,<br><br>Defendants. | No.  2:19-cv-1241 KJM KJN P<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

    Plaintiff is a state prisoner, proceeding pro se and in forma pauperis.  By order filed May 21, 2021, plaintiff's first amended complaint was dismissed with leave to file a second amended complaint.  On October 25, 2021, the undersigned recounted the myriad extensions of time plaintiff has been granted in this action, and granted plaintiff one final sixty-day extension of time to file a second amended complaint.  (ECF No. 74 at 1-2, 4 n.3.)  Plaintiff was advised that no further extensions of time would be granted for any reason.  (ECF No. 74 at 4.)  Sixty days have now passed, and plaintiff has not filed a second amended complaint.

    Instead, plaintiff filed a motion seeking an order requiring physical access to the law library and to his insulin treatments.  (ECF No. 75.)  Plaintiff seeks law library access starting between 8:30 a.m. and 9:30 a.m. until 11:00 a.m. so that plaintiff could access both the law library and his insulin treatments, which appear to be scheduled at 11:30 a.m.  (ECF No. 72 at 1 "my insulin is at 11:30 a.m. 7 days a week.")  Plaintiff objects that despite the court's last order

asking the litigation coordinator to avoid scheduling plaintiff's law library access during plaintiff's insulin treatment, he was only scheduled one 8:30 a.m. law library visit in November (November 28, 2021), and was three times scheduled for 11:00 a.m. (ECF No. 75 at 2.)

However, plaintiff's record also shows that plaintiff received a ducat for law library attendance at 1325 (1:25 p.m.) on eight different days in November. Those ducats do not appear to conflict with plaintiff's 11:30 a.m. insulin treatments. In addition, in the prior order, plaintiff was provided detailed instructions on what his amended pleading entailed, and has been provided the form complaint used by prisoners to file § 1983 actions in our court. Therefore, the undersigned declines to grant plaintiff additional time to file a second amended complaint, and declines to recommend that his requested relief be granted because the record shows he has been offered law library access that avoids the time set for his insulin treatments. (ECF No. 75 at 2.)

Plaintiff has had almost seven months to draft his second amended complaint, and has been cautioned that no further extensions of time would be granted for any reason. (ECF No. 74 at 4.) Plaintiff was also advised of this court's authority to *sua sponte* dismiss actions for failure to comply with court orders. (ECF No. 74 at 4 n.4.) Sixty days from October 25, 2021, have now passed, and plaintiff has not filed a second amended complaint. This action should be dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion (ECF No. 75) is denied; and

IT IS RECOMMENDED that this action be dismissed without prejudice. See Local Rule 110; Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that

////

////

failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 29, 2021

/diaz1241.fta2

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE