UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ENRIQUE DIAZ,<br><br>Plaintiff,<br><br>v.<br><br>ASSOCIATE WARDEN HURLEY, et al.,<br><br>Defendants. | No. 2:19-cv-1241 KJM KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff filed his third request for an extension of time to file objections to the December 29, 2021 findings and recommendations, and also seeks a court order requiring prison officials to provide him with specific law library access. Plaintiff claims that prison staff at California Medical Facility ("CMF") require inmates to choose between medical care appointments and law library access. Specifically, plaintiff claims that Principal Clayton stated that if inmates choose not to attend the law library when scheduled, that's their choice, and alleges that plaintiff was forced to choose library over his diabetic foot treatment on March 4, 2022. (ECF No. 81 at 2.) In addition, plaintiff alleges that the litigation coordinator failed to work with library staff to avoid scheduling plaintiff's law library time during his 11:30 a.m. insulin appointments, as requested in the October 25, 2021 order. (ECF No. 74.)

////

On the other hand, plaintiff admits that he has received fourteen hours of law library access since February 21, 2022. Furthermore, the court previously noted that plaintiff received a ducat for law library attendance at 1:25 p.m. on eight different days in November, which did not appear to conflict with plaintiff's 11:30 a.m. insulin treatments. (ECF No. 76 at 2.) Although plaintiff insists he was entitled to additional law library access, plaintiff is informed that he does not have a constitutional right to a particular number of hours of law library access.[1] While inmates have the right to access law libraries, precedent "does not dictate a minimum number of hours or any other requirement for satisfying the right of access" to them. Witkin v. Swarthout, 2013 WL 6054451, at *2 (E.D. Cal. Nov. 15, 2013). Further, limitations on an inmate's access to copy machines is "ordinary" and permissible if some access is allowed. Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009). It is "access to the courts" that is the protected constitutional right, not an abstract free-standing right to an institution's law library. Lewis v. Casey, 518 U.S. at 350.

Plaintiff asks the court to take judicial notice of Panah v. CDCR, 2018 WL 3777568 (N.D. Cal. Aug. 8, 2018), claiming that the allegations against litigation coordinator Brandi Ebert at San Quentin are "eerily similar" to the "whole current situation" plaintiff faces at CMF. (ECF No. 81 at 3.) Plaintiff asserts that in Panah, the federal judge found that litigation coordinator Ebert "violated an inmate/plaintiff's rights from retaliation, . . . actually participated and condoned retaliation, [violated the inmate's] 8th Amendment rights . . . for complaining," and "interfer[ed] with communications between a lawyer and client." (ECF No. 81 at 3.) However, in Panah, the court issued a screening order finding that inmate Panah stated cognizable civil rights claims, and

---

[1] There is no freestanding constitutional right to a law library or legal assistance. Lewis v. Casey, 518 U.S. 343, 346 (1996). Prisoners have a constitutional right of access to the courts. Id. This right, however, "guarantees no particular methodology but rather the conferral of a capability -- the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Lewis, 518 U.S. at 356. It is this "capability, rather than the capability of turning pages in a law library, that is the touchstone" of the right of access to the courts. Id. at 356-57. This right does not require states to turn prisoners into litigating machines or provide ideal access to the courts. Id. at 355. Furthermore, prison officials have no affirmative duty to help a prisoner litigate his claims once he has filed them. Id. at 354; Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995), as amended (May 23, 1995). However, prisoners have the right to litigate, without active interference, claims that have a reasonable basis in law and fact. Silva v. Di Vittorio, 658 F.3d 1090, 1103-04 (9th Cir. 2011), overruled on other grounds as stated in Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).

ordered service of process on certain defendants. Id., 2018 WL 3777568.  Such order is not a decision on the merits of Panah's claims.  Moreover, because no operative pleading is on file in this action, this court is unable to determine whether plaintiff's underlying allegations are similar to those raised in Panah.  In any event, the allegations raised in Panah address alleged violations that took place at San Quentin, not California Medical Facility where plaintiff is housed.

      The record in this action amply demonstrates that plaintiff has been able to seek extensions of time and notify the court of alleged issues.  While plaintiff has not received as much law library access as he desires, the record reflects that plaintiff has received law library access.  Therefore, the court declines to order specific law library access to plaintiff.  In an abundance of caution, plaintiff is granted one final extension of time to file objections.  Because plaintiff has had more than three months to prepare his objections, no further extensions of time will be granted for any reason.  If plaintiff fails to file timely objections as required by this order, the findings and recommendations will be forwarded to the district court for review.

      Accordingly, IT IS HEREBY ORDERED that:

      1. Plaintiff's motion (ECF No. 81) is partially granted; and

      2. Plaintiff is granted thirty days from the date of this order in which to file objections to the December 29, 2021 findings and recommendations (ECF No. 76).  No further extensions of time will be granted for any reason.

Dated:  April 11, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

diaz1241.36sec